**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA A. PRYZGODA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE'S UNITED BANK, N.A.; and PEOPLE'S UNITED FINANCIAL, INC.,<br><br>Defendants. | CASE NO. 1:18-cv-4299<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Lisa A. Pryzgoda, individually and on behalf of all others similarly situated, alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters:

## NATURE OF ACTION

1. Plaintiff brings this Class Action Complaint against People's United Financial, Inc., People's United Bank, N.A., and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other entities (collectively, "People's United"), for legal and equitable remedies resulting from People's United's unlawful practice of charging overdraft fees to personal deposit accounts that are not even in overdraft.

2. Since November 2, 2016, People's United has routinely charged overdraft fees to personal checking accounts as a result of transactions for which sufficient funds were available to cover. People's United engages in these practices in order to maximize its corporate revenue, at the expense of its own customers.

3. For people living paycheck to paycheck, like Plaintiff and other members of the Class, People's United's oppressive overdraft fee practices have had a serious effect on their everyday lives.

4. The business practices of People's United described herein are not only oppressive – they are also plainly illegal. It's nigh time for People's United to return, with

interest, the millions upon millions of dollars it has illegally siphoned from its customers' accounts, $37.00 overdraft fee at a time, and to face additional consequences, both remedial and punitive, for having engaged in these wrongful acts in the first place.

5. Plaintiff seeks monetary damages from People's United – including actual, compensatory, consequential, and punitive damages, to the fullest extent permitted by law – on behalf of herself and the other members of the Class.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate claims of the putative class members exceed $5 million, exclusive of interest and costs, and because at least one of the members of the proposed Class is a citizen of a different state than People's United.

7. Personal jurisdiction and venue are proper in this District pursuant to the "Consumer Deposit Account Agreement" entered into between People's United and Plaintiff, a copy of which is attached hereto as Exhibit "A", because Plaintiff opened her People's United personal checking account at a People's United branch located in a county within this District. *See* Ex. A, at 11 ("You agree to bring any action or legal proceeding . . . in the county where your account is located. Unless your account has been relocated, your account is located in the branch where it was opened.").

## PARTIES

8. Plaintiff is a resident and citizen of Bethel, Connecticut. Plaintiff is a personal checking account holder at People's United. Plaintiff opened her People's United checking account at a People's United branch in this District, and at all times mentioned herein has maintained her checking account at a People's United branch in this District.

9. People's United is a national bank with its headquarters in Bridgeport, Connecticut. People's United provides retail banking services, including checking accounts and debit cards for use in conjunction with those accounts, to its customers, including to

Plaintiff and the members of the putative Class. People's United maintains brick-and-mortar banking centers in New York and across the United States.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### I. OVERDRAFT FEES ARE LUCRATIVE FOR PEOPLE'S UNITED, BUT DEVASTATING FOR ITS POOREST AND MOST VULNERABLE CUSTOMERS

10. Fee-based overdraft programs cost American consumers at least $23.7 billion each year in the aggregate — more than the loans extended in exchange for those fees, which amount to $21.3 billion.[1] Debit card transactions, the most common triggers of overdraft fees, cause an average overdraft of approximately $17.00 yet trigger an average fee of approximately $35.00.[2] Most consumers do not learn of an overdraft for two or more days, further exposing them to additional overdraft fees in the interim.[3]

11. The overwhelming majority of overdraft fees are paid by chronic overdrafters, who are also those least able to recover from them. According to research by the Consumer Financial Protection Bureau, less than one-fifth of account holders — those who incur three or more overdraft fees per year — pay more than 90 percent of all overdraft fees triggered by debit cards, checks, and ACH electronic transactions.[4] And a study conducted by Pew Charitable Trusts found that "heavy overdrafters" — consumers who pay more than $100 in overdraft fees in a year — generally have incomes below the U.S. average, and overdraft fees consumed nearly a full week's worth of their household incomes on average during the past

---

[1] Leslie Parrish, *Overdraft Explosion: Bank fees for overdrafts increase 35% in two years*, Center for Responsible Lending, Oct. 6, 2009, *available at* http://www.responsiblelending.org/overdraftloans/research-analysis/crl-overdraft-explosion.pdf.

[2] Eric Halperin, Lisa James, and Peter Smith, *Debit Card Danger: Banks offer little warning and few choices as customers pay a high price for debit card overdrafts*, Center for Responsible Lending, at 25, Jan. 25, 2007, *available at* http://www.responsiblelending.org/overdraft-loans/research-analysis/Debit-Card-Danger-report.pdf.

[3] The Pew Charitable Trusts, *Overdrawn: Persistent Confusion and Concern About Bank Overdraft Practices*, June 2014, at 9-10, *available at* http://www.pewtrusts.org/~/media/assets/2014/06/26/safe checking overdraft survey report.pdf.

[4] Consumer Financial Protection Bureau, *Data Point: Checking Account Overdraft*, at 18, July 2014, *available at* http://files.consumerfinance. gov/f/201407 cfpb report data-point overdrafts.pdf.

year.[5] Seniors, young adults, military families, and the unemployed are hit particularly hard.[6] Older Americans aged 55 and over pay over $6.2 billion in total overdraft fees annually[7] — $2.5 billion for debit card/ATM transactions alone[8] — and those heavily dependent on Social Security pay $1.4 billion annually.[9]

12. As the financial toll of fee-based overdraft programs has increasingly and disproportionately fallen on the shoulders of our most vulnerable citizens, big banks have steadily become more and more reliant on overdraft fees as a revenue source. For instance, in 2015, banks in the United States with assets exceeding $1 billion reported $11.16 billion in overdraft fee revenue – which constituted nearly two-thirds of all consumer deposit account revenue for those banks.

13. For People's United in particular, which holds approximately $39 billion in assets, overdraft has evolved from an occasional courtesy into a product that it depends upon for revenue. Indeed, in recent years, People's United has earned tens of millions of dollars annually on overdraft fees, which it siphons $37.00 fee at a time largely out of accounts held by its poorest customers, as discussed above.

14. Faced with heightened regulatory scrutiny in recent years, but still having an insatiable appetite for overdraft fee revenue to feed, People's United has been forced to

---

5 The Pew Charitable Trusts, *Heavy Overdrafters: A Financial Profile*, at 1, Apr. 2016, *available at* http://www.pewtrusts.org/~/media/assets/2016/04/heavyoverdrafters.pdf.

6 *See* FDIC Study of Bank Overdraft Programs (Nov. 2008), at v.; Leslie Parrish, *Consumers Want Informed Choice on Overdraft Fees and Banking Options, CRL Research Brief*, Apr. 16, 2008, *available at* http://www.responsiblelending.org/overdraft-loans/research-analysis/final-caravan-survey-4-16-08.pdf; *see also* Comments of the Center for Responsible Lending to Board of Governors of the Federal Reserve System on Proposed Rule to Amend Regulation E—Overdraft Practices, Part II.B.1(b), pp. 10-12, Mar. 30, 2009, *available at* http://www.responsiblelending.org/overdraft-loans/policylegislation/regulators/comments-regulation-e overdraft-practices.pdf.

7 Leslie Parrish and Peter Smith, *Shredded Security: Overdraft practices drain fees from older Americans*, Center for Responsible Lending, June 18, 2008, *available at* http://www.responsiblelending.org/overdraftloans/research-analysis/shredded-security.pdf.

8 *Id.*

9 *Id.* At 6, Table 1.

develop creative new strategies, legal or not, to lure its account holders into overdraft.[10] This case concerns one such strategy, executed by People's United in plain violation of the express terms of its standardized Deposit Agreement with all personal checking account holders.

## II. PEOPLE'S UNITED CHARGES OVERDRAFT FEES FOR TRANSACTIONS THAT DO NOT EVEN OVERDRAFT ACCOUNTS, IN CLEAR BREACH OF ITS CONTRACT WITH ACCOUNT HOLDERS

15. People's United provides personal checking accounts and debit cards linked to such accounts to its customers, which are used by its customers to withdraw and deposit funds via, *inter alia*, debit card transactions, electronic checks, direct deposits, and Automated Clearinghouse ("ACH") withdrawals.

16. Plaintiff maintains, and at all times mentioned herein maintained, a personal checking account with People's United. Similarly, each member of the proposed Class has maintained a personal checking account with People's United at some point between November 2, 2016 and the present.

17. All personal checking accounts maintained with People's United are governed by a contractual document, drafted by People's United and amended by People's United from time to time at its complete and sole discretion, titled "Consumer Deposit Account Agreement", which is accompanied by additional documents titled "Electronic Funds Transfer Disclosure Statement and Agreement", "Funds Availability Policy," and "Substitute Check Policy Disclosure" (collectively hereinafter, the "Deposit Agreement"), a copy of which is attached hereto as Exhibit "A".

18. At all times since November 2, 2016, the Deposit Agreement has articulated a "Posting Order" policy governing the order in which each business day's transactions are posted during the nightly transaction posting process after the close of the business day, as set forth in the following chart in the Deposit Agreement:

---

10 *See, e.g., Walker v. People's United Bank*, Case No. 3:17-cv-00304-AVC (D. Conn.) (alleging claims prior to November 2, 2016 based on People's United's improper assessment of overdraft fees to accounts for which there were sufficient funds to cover the transactions in question).

| Posting Order | Transaction Categories | How they are posted |
|---|---|---|
| 1st | Deposits and credits | Posted by the transaction date and time<br>Note: Please see our Funds Availability Policy for information on deposit posting |
| 2nd | Overdraft Item Fees and Uncollected "UAF" Item Fees for the prior Business Day's transaction activity | Posted by the transaction date and time |
| 3rd | Bill payment debits (made through online or mobile banking), and Person-2-Person debits available for consumer accountholders. | Posted by the transaction date and time |
| 4th | Over the counter cashed checks (checks you've written that are cashed in our branches) | Checks presented for payment are posted in check number order |
| 5th | Other priority debits (such as cash withdrawals, online transfers, and wire transfers) | Posted by the transaction date and time |
| 6th | ATM and Point of Sale transactions (made using your ATM or Debit card) | Posted by the transaction date and time |
| 7th | ACH debits | Posted by the transaction date and time |
| 8th | Over the counter deposited checks, inclearing checks (checks you've written that were presented for payment by other banks) and electronic checks | Checks presented for payment are posted in check number order |
| 9th | Other Debits | Posted by transaction date and time |

Ex. A, at 9.

19. At all times since November 2, 2016, the "Funds Availability Policy" section of the Deposit Agreement has stated that the following types of deposits are considered "available" for withdrawal (and for "Available Balance" computation purposes, as discussed below) on the same business day the deposit occurs:

> • Funds from electronic direct deposits to your account.
>
> • Cash deposited in person to one of our employees.
>
> • Wire transfers and preauthorized credits, such as social security benefits and payroll payments.
>
> • Cash deposited at a People's United ATM that does not require an envelope.

Ex. A, at 21.

20. At all times since November 2, 2016, People's United has distinguished between two types of personal checking account balance calculations, the "Current Balance" and the "Available Balance," and between two types of overdraft fees, "Overdraft Item Fees" (charged for an overdraft of the "Current Balance") and "UAF Item Fees" (charged for an overdraft of the "Available Balance"). Specifically, the pertinent terms of the Deposit Agreement in effect since November 2, 2016 state as follows:

> Your *Current Balance* is your actual balance during each calendar day, meaning the amount of money that is in your account at any given time *whether or not the money is available for withdrawal or use by you*. This balance figure includes debit card

> transactions that have posted[11] to your account as well as the full amount of all deposits you have made even though some portion of a deposit may be on hold and not available to you.
>
> Your Current Balance does not include the amount of any checks not yet posted to your account or of any debit card holds we have authorized for . . . transactions you may have made but which have not yet been posted to your account . . . .
>
> During the nightly transaction posting process described below, if an Item[12] posts to your account and the Item amount is greater than your Current Balance causing your Current Balance to fall below zero, an overdraft[13] occurs. Whether we pay the Item into overdraft or whether we return the Item unpaid, this will result in an *Overdraft Item Fee*. If the Item is not paid, the Overdraft Item Fee is called a Returned Overdraft Item Fee, and if the Item is paid, the Overdraft Item Fee is called a Paid Overdraft Item Fee.
>
> Your *Available Balance* is our most recent record of the amount of money available for your use or withdrawal. Your Available Balance includes pending transactions such as withdrawals we have authorized for debit card purchases or ATM withdrawals, transactions known to us, such as checks or preauthorized ACH withdrawals that we have received for payment from your account but have not yet paid, or other pending transactions which will not be posted until a future Business Day.
> . . .
>
> If during the nightly transaction posting process, an Item posts to your account and you do not have a sufficient Available Balance to pay the Item, meaning you have money in your account but not all of the money on deposit is available for withdrawal, this also will result in an overdraft. Whether we pay the Item or return the Item unpaid this will result in an Uncollected "UAF" Item Fee. If the Item is not paid, the fee is called a Returned Uncollected "UAF" Item Fee, and if the Item is paid, the fee is called a Paid Uncollected "UAF" Item Fee.

Ex. A, at 8-9.

21. Thus, pursuant to the plain language of People's United's standardized Deposit Agreement in effect at all times since November 2, 2016, People's United is not permitted to charge an Overdraft Item Fee or a UAF Item Fee if the Current Balance and the Available

---

[11] "*Posting* refers to the Bank's processing of Items after the close of each Business Day and completion of debiting or crediting Items to your account . . . ." Ex. A, at 8.

[12] "An *Item* means any method that may be used to transact on your account, including a check, Substitute Check, in-person withdrawal, ATM withdrawal, POS transaction, Telephone Transfer, preauthorized payment, direct deposit, ACH transaction, bill payment instruction, transaction made by electronic means, or a draft or funds transfer drawn on your account." Ex. A, at 8.

[13] "An *Overdraft* takes place on an account when an Item is presented for payment on an account and there are insufficient funds or insufficient available funds to pay the Item in full . . . ." Ex. A, at 8.

Balance are sufficient to cover all of the transactions posted during the nightly transaction posting process at the end of the day.

22. Nonetheless, between November 2, 2016 and the present, People's United has routinely charged $37.00 Overdraft Item Fees and $37.00 UAF Item Fees in instances in which both the Current Balance and the Available Balance of a customer's account were sufficient to pay all transactions (i.e., all "Items") posted during the nightly transaction posting process, in direct violation of its Deposit Agreement. In other words, during this period of time, People's United has routinely charged, and continutes to routinely charge, overdraft fees to customers who spend less money than they have available (hereinafter, the "Underdraft Fee Scheme").

23. Plaintiff is informed and believes, and thereupon alleges, that since November 2, 2016, the Underdraft Fee Scheme has netted People's United several million dollars worth of $37.00 Overdraft Item Fees and UAF Item Fees from its customers, including Plaintiff and the other members of the Class.

## III. PLAINTIFF IS CHARGED FEES FOR OVERDRAFTING HER ACCOUNT EVEN THOUGH SHE DIDN'T OVERDRAFT HER ACCOUNT

24. Plaintiff is one of the numerous victims of People's United's Underdraft Fee Scheme, having been charged UAF Item Fees and Overdraft Item Fees as a result of transactions authorized into a positive balance, both "Available" and "Current".

25. By way of example, on January 30, 2017, People's United improperly charged a $37.00 UAF Item Fee to Plaintiff's personal checking account, which it purportedly attributed to an "Overdraft ACH Withdrawal" in the amount of $130.78 from the previous business day, January 27, 2017. The pertinent account activity, provided to Plaintiff by People's United, is depicted below:

| | | | | |
|---|---|---|---|---|
| 01-27 | #ATM Deposit<br>Deposit Terminal Daaf<br>44 Lake Ave. Danbury CT<br>XXXXXXXXXXXX7564 | $3.00 | | $112.60 |
| 01-27 | #ACH Credit<br>Armagh Tra01W4N0 Dir Dep<br>170127 | $556.21 | | $668.81 |
| 01-27 | #ATM Withdrawal<br>Cash Withdrawal Terminal Daaf<br>44 Lake Ave. Danbury CT<br>XXXXXXXXXXXX7564 | | $20.00- | $648.81 |
| 01-27 | #ACH Withdrawal<br>Lionloans 2125094948<br>170127 | | $130.78- | $518.03 |
| 01-30 | #Paid Uaf Item Fee<br>For Overdraft ACH Withdrawal<br>096016937566052 | | $37.00- | $481.03 |

26. As shown above, at the time People's United posted and processed the $130.78 ACH withdrawal transaction, Plaintiff's "Current Balance" and "Available Balance" were both sufficient to cover the transaction.

27. Specifically, the "Current Balance" (as the term is defined in the Deposit Agreement in effect from November 2, 2016 through the present) of Plaintiff's account was sufficient to pay the item because, at the time the $130.78 ACH transaction posted to Plaintiff's account during the nightly transaction posting process, her account balance equaled or exceeded $130.78 after crediting the full amount of all deposits to her account and debiting all debit card transactions that had posted to her account.

28. Likewise, the "Available Balance" (as the term is defined in the Deposit Agreement in effect from November 2, 2016 through the present) of Plaintiff's account was also sufficient to pay the item because, at the time the $130.78 ACH transaction posted to Plaintiff's account during the nightly transaction posting process, her account balance – even when calculated to include any pending withdrawals or debits known to People's United that had not yet posted, and to exclude any amounts of money from deposits that had not yet been made available for withdrawal – nonetheless equaled or exceeded $130.78.

29. As shown in the snapshot of Plaintiff's account statement above, $556.21 was directly deposited into Plaintiff's acccount on January 27, 2017. Notably, that direct deposit was the first item to post to Plaintiff's checking account during the nightly transaction posting process (before any debits, withdrawals or other types of transactions) pursuant to People

United's Posting Order Policy, and was immediately available for withdrawal that same day pursuant to People's United's Funds Availability Policy. In other words, there was no hold on the direct deposit, and the direct deposit posted, and the funds thus became available, before the ACH withdrawal in question posted to Plaintiff's account. As such, Plaintiff's Available Balance was clearly sufficient to cover the subsequently-posted ACH withdrawal in the amount of $130.78.

30. This conclusion is conclusively confirmed by People's United's own documents. In November 2016, People's United released an informational document to its account holders, including to Plaintiff and the members of the Class, titled "Overdrafts and Overdraft Protection: Personal Accounts," a copy of which is attached hereto as Exhibit "B". The document explained to account holders the distinction between "Available Balance" and "Current Balance" that People's United had drawn for overdraft-fee purposes in its newly-issued Deposit Agreement. Significantly, the document titled "Overdrafts and Overdraft Protection: Personal Accounts" provided the following excerpt from an example account statement to illustrate how "Available Balance" would be calculated for overdraft fee purposes:

**Example of how common transactions post to your account at the end of the same Business Day**

| Starting Available Balance on 11/9/2016 | | $200.00 |
|---|---|---|
| Direct deposit from your employer | $485.22 | $685.22 |
| Bill payment to local gym made 11/9/2016 4:30PM | -$50.00 | $635.22 |
| Bill payment to car insurance made 11/9/2016 4:33PM | -$105.37 | $529.85 |
| Over the counter cashed check #1354 | -$75.00 | $454.85 |
| MasterMoney card purchase for gas made 11/9/2016 12:38PM | -$45.97 | $408.88 |
| ATM withdrawal made 11/9/2016 7:30AM | -$200.00 | $208.88 |
| ACH withdrawal for utility payment 11/9/2016 8:30AM | -$56.21 | $152.67 |
| Inclearing check #1353 | -$12.66 | $140.01 |
| Inclearing check #1355 | -219.88 | -$79.87 |

Ex. B., at 3.

31. As the foregoing exemplar prepared by People's United clearly demonstrates, if a direct deposit is made the same day that an ACH withdrawal posts, the funds directly

deposited are immediately available and are included, in full, in the Available Balance prior to the posting of the ACH withdrawal.

32. As such, no hold was placed on the funds directly deposited to Plaintiff's checking account on January 27, 2017, and there was thus clearly sufficient Available Funds to cover the subsequently-posted ACH withdrawal of $130.78.

33. Accordingly, pursuant to the plain language of the Deposit Agreement and related account documentation in effect between November 2, 2016 and the present, no Overdraft Item Fee or a UAF Item Fee should have resulted from the $130.78 ACH transaction posted to Plaintiff's account during the January 27, 2017 nightly transaction posting process.

34. Nonetheless, the very next business day, January 30, 2017, People's United charged a $37.00 UAF Item Fee to Plaintiff's account, which it wrongly attributed to a non-existent "Overdraft ACH Withdrawal" (i.e., the $130.78 ACH withdrawal) from the previous business day, January 27, 2017.

35. The other Class members have fallen victim to People's United's Underdraft Fee Scheme in substantially the same way as Plaintiff fell victim to it on January 27 and 30, 2017. Indeed, on numerous other occassions since November 2, 2016, Plaintiff and the other members of the Class have initated transactions for which both the Current and Available Balances were sufficient to cover, but for which erroneous $37.00 UAF Item Fees or Overdraft Item Fees were assessed by People's United.

36. By engaging in the Underdraft Fee Scheme as alleged herein, People's United breached its Deposit Agreement with Plaintiff and the other members of the Class, causing them monetary damages.

## CLASS ALLEGATIONS

37. Class Definition. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. The proposed Class is defined as:

> All individuals in the United States who, at any point in time between November 2, 2016 and the date of class certification, were charged an Overdraft Item Fee or a UAF Item Fee as a result of a transaction debited against a personal checking account in an amount not greater than the account's balance, "Available" or "Current", at the time such transaction posted during a nightly transaction posting process.

39. Excluded from the Class are People's United, its parents, subsidiaries, affiliates, officers and directors, any entity in which People's United has controlling interest, all customers who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

40. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

41. The members of the Class are so numerous that joinder is impractical. On information and belief, the Class consists of thousands of members, the identity of whom is within the knowledge of People's United and can be ascertained only by resort to People's United's records.

42. The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all Class members, was charged overdraft fees by People's United during the relevant period on items that posted to her People's United account while the account had a sufficient available balance. Plaintiff, like all Class members, has been damaged by People's United's misconduct in that she was assessed unlawful overdraft charges in breach of the governing Deposit Agreement. Furthermore, the factual basis of People's United's misconduct is common to all Class members and represents a common thread of unlawful, unfair, and unconscionable conduct resulting in injury to all members of the Class.

43. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of consumer class actions, in particular claims related to improper overdraft fees and other misconduct by banks and other financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

44. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members. Among the questions of law and fact common to the Class are:

a) Whether People's United charged Overdraft Item Fees and UAF Item Fees as a result of transactions for which there were sufficient "Current" and "Available" balances;

b) Whether the assessment of such Overdraft Items Fees and UAF Item Fees constitutes a breach of the Deposit Agreement in effect between November 2, 2016 and the present;

c) The proper method or methods by which to measure damages;

d) Whether the Class is entitled to interest that has accrued on any improperly assessed overdraft fees; and

e) The declaratory relief to which the Class is entitled.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the enormity of the financial resources of People's United, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members would lose their rights by attrition, and People's United's misconduct could continue with impunity.

46. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. Given the complex legal and factual issues involved in this action, individualized litigation would significantly delay and cause expense to all parties and the

Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

**SOLE CLAIM FOR RELIEF**
**Breach of Contract**

47. Plaintiff repeats and incorporates herein each of the foregoing allegations.

48. Plaintiff asserts this claim for relief on behalf of herself and all members of the Class.

49. Plaintiff and all members of the Class contracted with People's United for bank account deposit, checking, ATM, and debit card services, as embodied in People's United's Deposit Agreement and related account documentation in effect between November 2, 2016 and the present.

50. People's United breached the terms of the Deposit Agreement and related account documentation in effect between November 2, 2016 and the present by charging Plaintiff and the other members of the Class UAF Item Fees and Overdraft Items Fees, in the amount of $37.00 each, as a result of transactions for which there were sufficient "Current" and "Available" balances to cover.

51. Plaintiff and the members of the Class have performed all of the obligations imposed on them under the Deposit Agreement and related documentation.

52. As a result of People's United's breach of the Deposit Agreement as alleged herein, Plaintiff and all members of the Class sustained monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lisa A. Pryzgoda, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A. Declaring People's United's overdraft fee policies and practices described above to be wrongful, unfair, and unconscionable;

B. Awarding actual damages in an amount according to proof;

C. Awarding restitution for all overdraft fees collected by People's United by Plaintiff and the Class resulting from the wrongs alleged herein in an amount to be determined at trial;

D. Disgorgement of the ill begotten gains derived by People's United from its misconduct;

E. Awarding punitive and exemplary damages;

F. Awarding pre-judgment interest at the maximum rate permitted by law;

G. Awarding costs and disbursements assessed by Plaintiff in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

H. Awarding such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: May 14, 2018

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

By: s/ Tina Wolfson
Tina Wolfson
twolfson@ahdootwolfson.com
Bradley K. King
bking@ahdootwolfson.com
45 Main Street, Suite 230
Brooklyn, New York 11201
Telephone: (917) 336-0171
Facsimile: (917) 336-0177

Robert Ahdoot*
rahdoot@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, California 90024
Telephone: (310) 474-9111
Facsimile: (310) 474-8585

David W. Hall*
dhall@hedinhall.com
Frank S. Hedin*
fhedin@hedinhall.com
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

**Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiff and the Putative Class*